# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FRANK PARKS,

    Appellant,

v.

DELAWARE REAL ESTATE
COMMISSION,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: S26A-02-002 RHR
S26A-02-003 RHR

Submitted: July 16, 2026
Decided: August 13, 2026

## MEMORANDUM OPINION

*On Appeal from the Delaware Real Estate Commission,*
**AFFIRMED**.

Frank Parks, *Appellant (pro se)*.

Nicholas D. Picollelli, Jr., Esq., DEPARTMENT OF JUSTICE, Dover, Delaware,
*Attorney for Appellee Delaware Real Estate Commission.*

**Robinson, J.**

Frank Parks, a Delaware licensed real estate broker, appeals the Delaware Real Estate Commission's ("DREC") conclusion that he failed to ensure that two of his licensees completed their continuing education ("CE") credits within the renewal period. This court affirms DREC's decisions.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Parks is the broker of record at Century 21 Home Team Realty in Seaford, Delaware. One of his responsibilities in that role is to oversee salespeople and associate brokers, including ensuring their compliance with the CE requirements by certain deadlines. Two of those employees, Jacob Calloway and Clarke Tobin, fell short of meeting those requirements.

Calloway received his salesperson license[2] in 2019. As part of his ongoing requirements to maintain that license, he had to complete 21 CE credits between May 1, 2022, and April 30, 2024. Calloway completed only three credits during that period and finished the remaining credits on May 1, 2024, the day after the period ended. Because Calloway renewed his license late, DREC audited him.[3] DREC required Calloway to submit a CE log and proof of completion of the CE

---

[1] Parks filed two separate appeals based on DREC's final orders regarding licensees Jacob Calloway and Clarke Tobin. C.A. No. S26A-02-002 is the appeal of the order pertaining to Calloway and C.A. No. S26A-02-003 is the appeal of the order related to Tobin. The docket items are the same in both matters except for the exhibit attached to the notice of appeal (D.I. 1). Reference to that exhibit will include the licensee's name. Otherwise, both matters and docket items will be simultaneously discussed herein.

[2] DREC issues three types of licenses: broker, associate broker, and salesperson.

[3] 24 *Del. Admin. C.* § 2900-14.6.8.

requirements. After submitting the certificates and a CE log signed by Calloway and Parks, DREC determined that Calloway was deficient and failed to produce compliant CE certificates for Modules 2 through 7.

Tobin received his salesperson license on February 28, 2023, and was required to complete twelve hours of CE credits within ninety days of licensure. Tobin completed three CE credit hours but failed to complete the rest until July of 2024, over a year past the deadline. During this time frame, he was required to complete another twelve hours but failed to complete three of those hours within his renewal period. Tobin was to renew his license by April 30, 2024, but did not renew it until May 1, 2024. At the time of the renewal, Tobin submitted a CE log—signed by both Tobin and Parks—with several certificates of CE completion and mistakenly attested that he had completed his CE requirements. The late renewal triggered an audit. After DREC reviewed the submissions, it sent Tobin a notice of non-compliance with its regulations.

A hearing officer from the Division of Professional Regulation (the "Division") conducted two evidentiary hearings on August 7, 2025, one for Calloway and one for Tobin.[4] In each hearing, three witnesses testified: the licensees, Parks, and Jennifer Jacoby, a Division employee.

---

[4] The hearings were held separately for each licensee but are discussed simultaneously here.

3

Jacoby is responsible for managing the team that oversees DREC's disciplinary proceedings. Jacoby testified about the documentation involved in the audit and the hearing, as well as CE requirements generally and as specifically applied to Calloway and Tobin. She also testified regarding Parks' responsibility for Calloway and Tobin's compliance.

In Parks' testimony at the Calloway hearing, Parks acknowledged his errors and assured DREC that there would be no similar mistakes in the future. Parks informed the hearing officer that he called Calloway about a week before the end of the renewal period to tell him to get the remaining CE requirements completed as quickly as possible. Parks told the hearing officer that he was experiencing extenuating circumstances arising from the loss of a property to a fire. He then informed the hearing officer about the brokerage's policy to ensure that its salespeople completed the CE requirements. Parks showed the hearing officer the binder the brokerage keeps with all the CE certificates and a tracker for module completion. Parks noted that reminders are also sent at the beginning of the renewal years and CE credits are discussed during sales meetings.

In his testimony during Tobin's hearing, Parks stated that he did not understand the new licensee modules as opposed to the standard modules, which he admitted was an error. Parks asserted that as soon as he and Tobin discovered the error, upon receipt of the audit notice, he made sure Tobin completed the CE

4

requirements. Parks again explained the brokerage's policy as it applies to ensuring compliance with CE requirements, adding that the brokerage does its own routine audits of the salespersons' CE credits before renewal. Parks assured DREC that he would institute new policies and procedures because of the error.

After hearing the evidence, the hearing officer concluded that it was proper to discipline Calloway, Tobin, and Parks. In her findings regarding Parks, the hearing officer explained that there was no justification for his failure to ensure Calloway and Tobin complied with their CE requirements. The hearing officer noted that because Parks is held to a higher standard as the employing broker, he should have been mindful of his professional responsibilities. The hearing officer considered mitigating factors such as Parks' tracking system of his salespersons' CE requirements, his successful record of ensuring compliance, and his extenuating circumstances arising from the loss of a property. The hearing officer appreciated that Parks took responsibility, found his testimony about the confusion with the new licensee requirements credible, and sympathized with his circumstances that impeded attention to his responsibilities. She ultimately concluded that Parks must be held accountable for Calloway and Tobin's deficient CE requirements.

Parks, Tobin, and Calloway had twenty days to file written exceptions or arguments challenging the hearing officer's decisions. They did not file anything, but Parks and Tobin appeared at DREC's December 11, 2025 hearing and objected

to the hearing officer's decisions. At that hearing, DREC reviewed the hearing officer's findings and recommendations. It issued its final orders on each matter on January 8, 2026. Those final orders adopted the hearing officer's recommended disciplinary actions against Calloway, Tobin, and Parks.[5] In doing so, DREC found that Parks should be disciplined for his violations of 24 *Del. Admin. C.* § 2900.1.3.1 and 24 *Del. C.* § 2912(a)(9), in the Calloway matter as follows:

1. The Commission shall issue Parks a letter of reprimand based on his failure to ensure that Calloway had complied with his CE requirements for the 2022-2024 renewal period;
2. A monetary fine of $750 shall be imposed on Parks's Delaware license, to be paid within 90 days of the date of the final order in this case in the form of a draft made payable to the 'State of Delaware.' If this monetary penalty is not paid timely, the Commission may, without further notice and a hearing, suspend Parks's Delaware license until satisfaction of the monetary penalty; and
3. The Final Order of the Commission constitutes public disciplinary action reportable to pertinent public practitioner data bases.[6]

DREC found the same disciplinary actions should be taken against Parks for the Tobin matter but added that Parks was required to complete a Module 4 in-person course within 120 days of the final order.[7]

---

[5] DREC is bound by the hearing officer's findings of fact, but it can modify the hearing officer's conclusions of law and suggested penalties. 29 *Del. C.* § 8735(v)(1)(d).

[6] D.I. 1, Notice of Appeal re Calloway, Ex. at 6.

[7] This requirement was not part of the hearing officer's recommendations.

Parks appealed both final orders separately in this court on February 27, 2026,[8] and filed an opening brief on April 29, 2026.[9] DREC filed its response on May 19, 2026.[10] Parks filed (late) a reply brief on July 16, 2026.[11]

## THE PARTIES' CONTENTIONS

### A. Parks' Claims

Parks asks this court to reverse DREC's decisions and to vacate the fines and reprimand imposed against him. Parks' argument rests on the following assertions: (1) DREC misinterpreted 24 *Del. Admin. C.* §§ 2900.1.3.1 and 2900.14.5, (2) DREC's decisions were not supported by substantial evidence; and (3) the sanctions imposed were arbitrary and capricious.

Parks claims that 24 *Del. Admin. C.* §§ 2900.1.3.1 and 2900.14.5 do not impose strict liability on brokers regarding their licensee's compliance with the CE requirements. Parks argues that those provisions only require reasonable supervision. Parks claims that DREC's interpretation of these provisions transforms brokers into insurers of independent professional conduct, which is not supported by the regulations and exceeds DREC's regulatory authority.

---

[8] D.I. 1, Notice of Appeal.
[9] D.I. 9, Appellant's Opening Br.
[10] D.I. 10, Appellee's Answering Br.
[11] D.I. 13, Appellant's Reply Br. (On June 10, this court sent Parks a delinquency notice because it had not received his reply brief and asked that the brief be filed within ten days. After receiving no response, the court signed an order on July 10 stating that the matter would be decided on the pleadings filed. The court received and accepted the reply brief on July 16 and considered it in this decision.).

Parks alleges that the evidence relied on by DREC does not demonstrate that he failed to supervise Calloway and Tobin. Parks argues that Calloway completed his CE requirements by the deadline, renewed his license immediately after, and paid a late fee. He states that because Calloway's license expired on April 30 and was renewed on May 1, 2024, there was no period of time when Calloway engaged in unlicensed activity.

Parks also alleges that the deficiency in Tobin's completion of the CE requirements was an administrative technicality and not a substantive failure. Parks reasons that although Tobin selected incorrect modules, he still completed more than the required number of CE credits. Parks asserts that Tobin was reprimanded in June of 2024 after receiving the renewal audit, and that Parks immediately took corrective action. Parks states that Tobin was instructed not to engage in the practice of real estate until the CE requirements were completed. He notes that Tobin did not engage in the practice of real estate until July 10, 2024.

Parks asserts that there was no evidence showing he ignored known violations, obstructed compliance, or failed to act once deficiencies were discovered. Parks states that DREC did not cite any underlying audit reports, CE transcripts, or other documentation to support its conclusions. Parks argues that this court cannot determine whether DREC made proper decisions without the audit documentation.

8

Parks concludes, therefore, that DREC did not meet the substantial evidence standard.

Lastly, Parks argues that the sanctions imposed on him are disproportionate with DREC's primary purpose of protecting the public. Parks points out that no consumers were harmed, no transactions were compromised, no one suffered a financial loss, and no unlicensed activity occurred. He further claims that DREC failed to consider mitigating factors such as his good-faith efforts to comply, absence of public harm, and the licensees' prompt cure or substantial compliance. Parks argues that because the penalties are not rationally related to DREC's regulatory purpose, the penalties are an arbitrary exercise of discretion.

## B.    DREC's Claims

DREC responds that it did not err, its decisions were supported by substantial evidence, and the sanctions imposed were not arbitrary, capricious, or disproportionate.

DREC states that Parks' arguments regarding its interpretations of 24 *Del. Admin. C.* §§ 2900.1.3.1 and 2900.14.5 were incorrect because in a prior decision of this court, the court found that § 2900.1.3.1 imposes strict, or vicarious, liability on

9

brokers where a licensee violates the CE requirements.[12] DREC claims this court should reach the same conclusion.

DREC finds fault with Parks' assertions that DREC lacked substantial evidence and alleges that Parks misstated Calloway and Tobin's violations. DREC states that both Calloway and Tobin failed to complete their CE requirements by the April 30, 2024, deadline. It explains that Calloway completed most of his CE credits after the deadline on May 1, 2024, and Tobin failed to complete nine new licensee CE modules for over a year past the deadline. DREC also noted that Tobin incorrectly attested that he completed the CE requirements when he renewed his license. DREC points out that this court has upheld similar disciplinary actions against brokers under similar facts.

DREC relies on *In re Delaware Real Estate Commission*[13] to argue that the sanctions imposed here are not arbitrary, capricious, or disproportionate under the circumstances. DREC argues that the sanctions imposed in that case—which included letters of reprimand and fines of $500—were upheld by this court where there were similar violations. Although the penalty in the present case was $750, DREC claims it is still reasonable and should be upheld. DREC also notes that mitigating factors were sufficiently considered.

---

[12] D.I. 10, Appellee's Answering Br., at 11 (citing *In re Del. Real Est. Comm'n*, 2024 WL 4888922, at *6 (Del. Super. Ct. Nov. 25, 2024)).
[13] 2024 WL 4888922, at *6 (Del. Super. Ct. Nov. 25, 2024).

**STANDARD OF REVIEW**

This court has jurisdiction to hear an appeal from DREC under 24 *Del. C.* §

2913(b).[14] On appeal, this court must "determine whether the agency's decision is

supported by substantial evidence and is free from legal error."[15] "Substantial

evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."[16] Instead of weighing evidence, assessing credibility, or

making factual findings, the court "must search the entire record to determine

whether, on the basis of all the testimony and exhibits before the agency, it could

fairly and reasonably reach the conclusion that it did."[17] Where questions of law are

raised, this court must review the agency's decision for legal error *de novo*.[18]

**DISCUSSION**

DREC's final orders were thoroughly supported by substantial evidence and

did not exceed its statutory authority. Therefore, its decisions must be affirmed.

1. DREC's Interpretation of the Administrative Code Was Not Legal Error.

Parks' challenge to DREC's statutory interpretation raises a question of law,

which this court will review *de novo*. 24 *Del. Admin. C.* § 2900.1.3.1 states:

> It is the responsibility of the employing Broker to ensure that the
> Broker's Licensees comply with the Commission's Rules and
> Regulations. Every Broker is responsible for making certain that all of

---

[14] *Id.*

[15] *Bowers v. Del. Real Est. Comm'n*, 2025 WL 275418, at *2 (Del. Super. Ct. Jan. 23, 2025).

[16] *Id.* (internal quotation marks omitted).

[17] *In re Del. Real Est. Comm'n*, 2024 WL 4888922, at *7.

[18] *Id.*

the Broker's Salespersons and Associate Brokers are currently licensed, make timely application for license renewal, and meet the Commission's continuing education requirements. The Broker shall co-sign continuing education logs and shall maintain copies of continuing education certificates for the Broker's Salespersons and Associate Brokers for at least three years after the conclusion of each renewal period.

Further, 24 *Del. Admin. C.* § 2900.1.3.2, holds that failure to do the above "may result in disciplinary action and possible disciplinary sanctions pursuant to 24 *Del. C.* §2914." 24 *Del. Admin. C.* § 2900.1.3.1 does not necessarily impose strict liability on brokers but rather makes them jointly responsible or vicariously liable for their licensees' compliance with CE requirements.[19]

The hearing officer found that Calloway and Tobin were deficient in their CE requirements, which Parks was responsible for overseeing pursuant to this statute. After reviewing the hearing officer's findings, DREC concluded that Parks failed to satisfy the requirement of "making certain that all of the Broker's Salespersons . . . meet the Commission's continuing education requirements."[20] Thus, because Parks had a responsibility clearly outlined in this statute and failed to comply with it, DREC properly applied the statute in its conclusions.

Also of relevance is 24 *Del. Admin. C.* § 2900.14.5, which states:

The Licensee's attestation as to completion of CE does not relieve the Broker of the Broker's duty to ensure that the Licensee has completed the required CE during the licensure renewal period. Each Broker shall

---

[19] *Id.* at *11-12.
[20] 24 *Del. Admin. C.* § 2900.1.3.1.

maintain copies of CE certificates for the Broker's Salespersons and Associate Brokers for at least three years after the conclusion of each renewal period.[21]

This provision shows that DREC's regulations are internally consistent.[22] DREC does not rely heavily on this statute in its final orders but cites to it in asserting that Parks was Calloway and Tobin's broker who was responsible for ensuring their compliance. Because this section establishes that Parks had a continuing duty to ensure compliance with CE requirements throughout the renewal period, DREC's reference to this statute is proper.

"In essence, the General Assembly tasks DREC with overseeing a tiered licensing system and monitoring CE compliance within that system. The Regulations, which hold a supervisory broker responsible for a subordinate's failure to meet CE requirements, do not exceed DREC's statutory authority."[23] Therefore, in applying the statutes to its decisions, DREC did not misinterpret them, but rather applied them according to their meaning without exceeding its authority.

2. DREC's Decisions Were Supported by Substantial Evidence.

DREC's conclusions that Parks failed to satisfy his requirements under 24 *Del. Admin. C.* § 2900.1.3.1 and 24 *Del. C.* § 2912(a)(9) were supported by substantial evidence on the record.

---

[21] 24 *Del. Admin. C.* § 2900.14.5.
[22] *In re Del. Real Est. Comm'n*, 2024 WL 4888922, at *12.
[23] *Id.*

13

The factual record developed by the hearing officer contained detailed evidence discussing the number of CE credits Calloway and Tobin needed to complete and how the deficiencies were discovered. Relevant documentation was testified to by Jacoby and admitted as exhibits at the hearing. The record shows that Calloway, Tobin, and Parks admitted to the violations. Parks' testimony, specifically, shows that he knew he had an obligation regarding his licensees' CE requirements and had procedures in place to keep track of CE completion. Parks took responsibility and apologized for his errors. In making its final orders, DREC relied upon the hearing officer's factual findings. This record sufficiently meets the substantial evidence standard.

Although Parks is correct in stating that there was no evidence showing he ignored violations, obstructed compliance, or failed to act on discovered deficiencies, the absence of those actions does not negate a violation of the provisions raised by DREC. Under 24 *Del. Admin. C.* § 2900.1.3.1, a broker will be in violation and subject to disciplinary action for failure to make certain that the salespersons have met their CE requirements, which is what Parks did here.

Therefore, upon review of the entire record, it is apparent that DREC properly relied on substantial evidence and reasonably reached its conclusions.

3. The Sanctions Imposed by DREC are Not Arbitrary and Capricious.

14

A "sanction is lawful if the agency (1) does not exceed its statutory authority, and (2) substantial evidence supports its decision."[24] According to 24 *Del. C.* § 2914, disciplinary actions or sanctions may include letters of reprimand, monetary penalties up to $5,000.00, suspension of licenses, and completion of specific CE courses. As discussed above, DREC's decisions were sufficiently supported by substantial evidence. As to whether DREC exceeded its statutory authority and made an arbitrary and capricious decision, this court finds it did not.

"An arbitrary or capricious decision is one that is willful and unreasonable and without consideration or in disregard of the facts."[25] Here, DREC's orders show the opposite. DREC considered the hearing officer's findings and conclusions. It relied on the hearing officer's factual findings in support of its legal conclusions. DREC relied on many relevant statutes that supported its conclusions. DREC imposed sanctions in accordance with the hearing officer's recommendations as is permitted under 24 *Del. C.* § 2914.

Furthermore, the hearing officer considered mitigating factors, which DREC accepted and relied upon in its final orders. Those factors included Parks' tracking system for salespersons' CE requirements, his various communication channels used with salespersons, his record of success in ensuring CE compliance, his

---

[24] *Id.* at *12.
[25] *Carrion v. City of Wilm.*, 2006 WL 3502092, at *3 (Del. Super. Ct. Dec. 5, 2006).

misunderstanding of the new licensee requirements, and his distraction stemming from the loss of a property. The hearing officer noted that there was no evidence showing Parks had an intent to deceive.

Although Parks argues that the sanctions have no rational relationship to the alleged misconduct, these sanctions have been imposed against brokers in nearly identical situations.[26] Even where harm has not occurred, an agency may still impose disciplinary sanctions.[27] Because the sanctions imposed were founded in the substantial evidence on the record and were proper disciplinary acts pursuant to statute, DREC's decisions were not arbitrary or capricious.[28]

## CONCLUSION

For these reasons, DREC's final orders imposing disciplinary sanctions against Parks for his failure to ensure Calloway and Tobin complied with the CE requirements must be **AFFIRMED**.

**IT IS SO ORDERED.**

---

[26] *See In re Del. Real Est. Comm'n*, 2024 WL 4888922 (finding that three brokers who failed to ensure their licensees complied with CE requirements were properly sanctioned by a $500 fine and public reprimand).

[27] *Id.* at *12 n. 131 (citing *Cooper v. Del. Bd. of Nursing*, 2021 WL 4938135, at *2 (Del. 2021)).

[28] *Id.* at *15 ("The records in all three cases contain the substantial evidence necessary to support DREC's findings. As a result, those findings were not arbitrary or capricious.").